## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| JANE DOE 1, individually and as parent and natural guardian of MINOR DOE 1, a minor; JANE DOE 2, individually and as parent and natural guardian of MINOR DOE 2, a minor; JANE DOE 3, individually and as parent and natural guardian of MINOR DOE 3, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>MALAUN ALAN DILANTE NELSON; GRAND FORKS PUBLIC SCHOOL DISTRICT; JOHN DOE SCHOOL ADMINISTRATORS 1-10, in their individual and official capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br><br><br><br><br><br>**COMPLAINT**<br>**&**<br>**JURY DEMAND** |

Plaintiffs, Jane Doe 1, individually and as parent and natural guardian of Minor Doe 1, a minor; Jane Doe 2, individually and as parent and natural guardian of Minor Doe 2, a minor; and Jane Doe 3, individually and as parent and natural guardian of Minor Doe 3, a minor (collectively "the Minor Plaintiffs"), by and through their Attorney, Amanda M. Corey, and for their Complaint against the above-named Defendants, allege and state as follows:

## PARTIES

**[¶ 1]**    Plaintiff Jane Doe 1 is the parent and natural guardian of Minor Doe 1, a minor. Jane Doe 1 and Minor Doe 1 are residents of Grand Forks County, North Dakota.

**[¶ 2]**    Plaintiff Jane Doe 2 is the parent and natural guardian of Minor Doe 2, a minor. Jane Doe 2 and Minor Doe 2 are residents of Grand Forks County, North Dakota.

[¶ 3]    Plaintiff Jane Doe 3 is the parent and natural guardian of Minor Doe 3, a minor.  Jane Doe 3 and Minor Doe 3 are residents of Grand Forks County, North Dakota.

[¶ 4]    Defendant Malaun Alan Dilante Nelson (hereinafter "Nelson") is a resident of Grand Forks County, North Dakota.

[¶ 5]    Defendant Grand Forks Public School District (hereinafter "the District") is a political subdivision of the State of North Dakota organized under North Dakota law with authority to operate public schools within its boundaries and to employ personnel for such schools.  The District has its principal place of business in Grand Forks, North Dakota.

[¶ 6]    Defendants John Doe School Administrators 1-10 are individuals whose identities are presently unknown to Plaintiffs, but who held positions of authority, supervision, or administration within the Grand Forks Public School District and who had responsibilities related to the hiring, training, supervision, retention, and oversight of District employees including Defendant Nelson. These individuals are sued in both their individual and official capacities.

## JURISDICTION AND VENUE

[¶ 7]    This Court has original jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

[¶ 8]    This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

[¶ 9]    Venue is proper in the District of North Dakota under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district, and Defendants reside or have their principal place of business in this district.

## FACTUAL ALLEGATIONS

[¶ 10]  At all relevant times, the Minor Plaintiffs were students enrolled in the Grand Forks Public School District and attended Valley Middle School in Grand Forks, North Dakota.

[¶ 11]  At all relevant times, Nelson was employed by the District as a Classroom Specialist at Valley Middle School and, in that position, had regular, often unsupervised access to minor students, including the Minor Plaintiffs.

[¶ 12]  In his role at Valley Middle School, Nelson was in a position of trust and authority over students and was expected to act as a responsible adult and role model.

[¶ 13]  Before and during Nelson's employment, the District either knew or, in the exercise of reasonable care, should have known that Nelson had a prior criminal history involving sexual misconduct with minors in Georgia.

[¶ 14]  Reasonable pre-employment screening and background checks would have disclosed this criminal history and alerted the District that Nelson was unfit for a position with access to minor children.

[¶ 15]  Despite this, the District hired Nelson into a position that provided direct, ongoing contact with students and permitted him to work with boys of the Minor Plaintiffs' age group.

[¶ 16]  Beginning in approximately 2024, Nelson began adding his minor students, including the Minor Plaintiffs, on the social media platform Snapchat.

[¶ 17]  During Nelson's employment with the District, staff and/or parents raised concerns to District administrators that Nelson was engaging in inappropriate boundary violating behavior with male students, including but not limited to his communication with minor students via Snapchat.

**[¶ 18]**  These concerns were reported to District officials with authority to investigate employee misconduct, impose discipline, and implement measures to protect students.

**[¶ 19]**  These reports, together with Nelson's known or knowable criminal history, put the District and its administrators on actual notice that Nelson posed a substantial risk of sexual exploitation to students.

**[¶ 20]**  Despite this notice, the District and its administrators failed to conduct a meaningful investigation into the concerns about Nelson, failed to restrict or monitor his access to students, and failed to enforce or adopt adequate policies governing employee social media contact with students.

**[¶ 21]**  Nelson remained in his position at Valley Middle School with full access to male students, including the Minor Plaintiffs.

**[¶ 22]**  The District's response to the known risk posed by Nelson was clearly unreasonable and amounted to deliberate indifference to the safety and rights of the Minor Plaintiffs.

**[¶ 23]**  Beginning in approximately September 2025 and continuing through December 2025, Nelson used the social media platform Snapchat and electronic payment services to groom and sexually exploit the Minor Plaintiffs and other minor male students.

**[¶ 24]**  Using his position as a school employee, Nelson added the Minor Plaintiffs as contacts on Snapchat, developed online relationships with them, and solicited them to send him sexually explicit images and videos.

**[¶ 25]**  Nelson offered and sent money to the Minor Plaintiffs through electronic payment methods in exchange for the requested sexually explicit images and videos.

[¶ 26]  The images and videos Nelson solicited and received from the Minor Plaintiffs depicted their bodies, including their genitalia, in various states of undress and constituted child sexual abuse material under state and federal law.

[¶ 27]  Nelson's conduct is the subject of related criminal proceedings, including a federal indictment alleging sexual exploitation of children, receipt of child sexual abuse images, and transfer of obscene materials to minors arising out of his conduct toward the Minor Plaintiffs and other students.

[¶ 28]  As a direct and foreseeable result of the District's and administrators' failures to screen, hire, train, supervise, and discipline Nelson, and their deliberate indifference to clear warning signs, the Minor Plaintiffs were subjected to sexual grooming, exploitation, and abuse by Nelson.

[¶ 29]  The Minor Plaintiffs have suffered and continue to suffer severe emotional distress, psychological injury, loss of educational opportunities, and other damages that are ongoing and permanent.

[¶ 30]  Their parents have suffered emotional distress and have incurred, and will continue to incur, expenses for medical, psychological, and psychiatric treatment reasonably necessary to address the harms caused by Defendants' conduct.

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF TITLE IX – DELIBERATE INDIFFERENCE TO EMPLOYEE SEXUAL HARASSMENT

### (Against Grand Forks Public School District)

[¶ 31]  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

[¶ 32]  Title IX, 20 U.S.C. § 1681(a), prohibits discrimination on the basis of sex in educational programs and activities receiving federal financial assistance.

[¶ 33]  The District is and was at all relevant times a recipient of federal financial assistance and is subject to Title IX.

[¶ 34]  Nelson's grooming, sexual harassment, and sexual exploitation of the Minor Plaintiffs constituted severe, pervasive, and objectively offensive sex-based harassment that deprived them of equal access to the District's educational programs and activities.

[¶ 35]  Nelson engaged in this conduct while acting as a District employee and using the authority and access the District conferred upon him.

[¶ 36]  The District, through its officials, had actual knowledge of a substantial risk that Nelson would sexually harass and exploit students, including the Minor Plaintiffs, yet responded with deliberate indifference as alleged above.

[¶ 37]  The District's deliberate indifference was clearly unreasonable in light of the known risks and subjected the Minor Plaintiffs to further sexual harassment and exploitation that would not have occurred but for that indifference.

[¶ 38]  As a direct and proximate result, the Minor Plaintiffs suffered the injuries and damages described in this Complaint and are entitled to compensatory damages, injunctive relief, and other appropriate relief under Title IX.

### COUNT II: 42 U.S.C. § 1983 – VIOLATION OF SUBSTANTIVE DUE PROCESS (BODILY INTEGRITY)

### (Against Grand Forks Public School District and John Doe Administrators 1-10)

[¶ 39]  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

[¶ 40]  The Fourteenth Amendment protects individuals from deprivations of liberty without due process of law, including the right to bodily integrity and to be free from sexual abuse by state actors.

[¶ 41]  The District and John Doe School Administrators 1–10 are state actors or acted under color of state law at all relevant times.

[¶ 42]  By hiring, retaining, and placing Nelson in a position of authority over minor students despite his unfitness, and by failing to act in the face of known risks, the District and John Doe Administrators used their authority in a manner that created or increased the danger to the Minor Plaintiffs and caused them to be subjected to sexual abuse by Nelson.

[¶ 43]  The District's policies, customs, or practices— including inadequate background screening, training, supervision, and response to complaints—were a moving force behind the violations of the Minor Plaintiffs' substantive due process rights.

[¶ 44]  John Doe Administrators 1–10, in their individual capacities, acted with deliberate indifference to a known, substantial risk that Nelson would sexually abuse students, and their conduct shocks the conscience.

[¶ 45]  As a direct and proximate result, the Minor Plaintiffs suffered the injuries and damages described in this Complaint and are entitled to compensatory damages and, against the individual administrators, punitive damages under § 1983.

### COUNT III: 42 U.S.C. § 1983 – VIOLATION OF EQUAL PROTECTION

### (Against Grand Forks Public School District and John Doe Administrators 1-10)

[¶ 46]  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

[¶ 47]  The Equal Protection Clause of the Fourteenth Amendment guarantees that no state shall deny any person within its jurisdiction the equal protection of the laws, including freedom from sex-based discrimination in public education.

[¶ 48]  Nelson's sexual harassment and exploitation of the Minor Plaintiffs was based on their sex and constituted intentional sex-based discrimination.

**[¶ 49]**  The District and John Doe Administrators 1–10 had actual or constructive knowledge of sex-based harassment directed at male students, including the Minor Plaintiffs, and responded with deliberate indifference.

**[¶ 50]**  The District's policies, customs, or practices, and the individual administrators' deliberate indifference, resulted in the Minor Plaintiffs being treated differently from similarly situated students and denied equal protection of the laws on the basis of sex.

**[¶ 51]**  As a direct and proximate result, the Minor Plaintiffs suffered the injuries and damages described in this Complaint and are entitled to compensatory damages and, against the individual administrators, punitive damages under § 1983.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT IV: SEXUAL EXPLOITATION OF A MINOR

#### (Against Nelson)

**[¶ 52]**  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

**[¶ 53]**  Nelson intentionally solicited, induced, and coerced the Minor Plaintiffs to create and transmit sexually explicit images and videos of themselves.

**[¶ 54]**  Nelson knowingly received, possessed, and retained sexually explicit images and videos of the Minor Plaintiffs.

**[¶ 55]**  Nelson's conduct constitutes sexual exploitation of a minor and related tortious conduct under North Dakota law.

**[¶ 56]**  As a direct and proximate result of Nelson's conduct, the Minor Plaintiffs suffered severe and permanent injuries and damages as described in this Complaint.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Nelson)

**[¶ 57]**  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

**[¶ 58]**  Nelson's grooming, sexual exploitation, and abuse of the Minor Plaintiffs was intentional, extreme, and outrageous and exceeded all bounds of decency tolerated in a civilized society.

**[¶ 59]**  Nelson intended to cause, or acted in reckless disregard of the likelihood of causing, severe emotional distress to the Minor Plaintiffs.

**[¶ 60]**  As a direct and proximate result, the Minor Plaintiffs have suffered and continue to suffer severe emotional distress and related injuries.

## COUNT VI: ASSAULT AND BATTERY

### (Against Nelson)

**[¶ 61]**  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

**[¶ 62]**  Nelson intentionally engaged in harmful and offensive conduct toward the Minor Plaintiffs by soliciting, directing, and causing them to engage in sexual acts and to create sexually explicit images and videos of their bodies.

**[¶ 63]**  The Minor Plaintiffs did not and could not legally consent to Nelson's sexual exploitation.

**[¶ 64]**  Nelson's conduct placed the Minor Plaintiffs in apprehension of, and subjected them to, harmful and offensive contact in violation of North Dakota common law.

**[¶ 65]**  As a direct and proximate result, the Minor Plaintiffs suffered physical, psychological, and emotional injuries and damages.

## COUNT VII: NEGLIGENCE

### (Against Grand Forks Public School District)

[¶ 66]  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

[¶ 67]  The District owed a duty of reasonable care to provide a safe educational environment and to protect students, including the Minor Plaintiffs, from foreseeable harm, including sexual exploitation and abuse by District employees.

[¶ 68]  The District breached its duty by, among other things, failing to conduct adequate background checks on Nelson, failing to implement and enforce adequate policies regarding employee-student boundaries and social-media use, and failing to investigate and respond appropriately to reports or warning signs concerning Nelson's conduct.

[¶ 69]  The District's negligence was a direct and proximate cause of the injuries and damages suffered by the Minor Plaintiffs.

## COUNT VIII: NEGLIGENT HIRING

### (Against Grand Forks Public School District)

[¶ 70]  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

[¶ 71]  The District owed a duty to exercise reasonable care in hiring employees who would have access to minor students, including conducting reasonable background investigations.

[¶ 72]  The District breached that duty by hiring Nelson for a position with access to minor students without conducting an adequate pre-employment investigation that would have revealed his prior criminal history involving sexual misconduct and his unfitness for such a position.

[¶ 73]  Had the District exercised reasonable care, it would not have hired Nelson into a position of trust and authority over minor students.

[¶ 74]  The District's negligent hiring of Nelson was a direct and proximate cause of the injuries and damages suffered by the Minor Plaintiffs.

## COUNT IX: NEGLIGENT SUPERVISION

### (Against Grand Forks Public School District)

[¶ 75]  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

[¶ 76]  The District owed a duty to exercise reasonable care in supervising its employees, including Nelson, to prevent foreseeable harm to students.

[¶ 77]  The District breached that duty by failing to adequately supervise Nelson, failing to monitor his interactions and communications with students, and failing to take reasonable steps in response to reports or warning signs regarding his boundary violations and inappropriate contact with students.

[¶ 78]  As a direct and proximate result of the District's negligent supervision, the Minor Plaintiffs were subjected to sexual exploitation and suffered the injuries and damages described in this Complaint.

## PRAYER FOR RELIEF

[¶ 79]  **WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants and award the following relief:

 a. Compensatory damages against all Defendants, in such amounts as will fairly and reasonably compensate Plaintiffs for their injuries and losses, to be determined at trial;

 b. Punitive damages against Defendant Nelson and John Doe School Administrators 1–10 in their individual capacities on Plaintiffs' federal claims, in an amount sufficient to punish and deter such conduct;

c.  Declaratory and injunctive relief against the District, including orders requiring the adoption and implementation of adequate policies, training, and safeguards to prevent employee sexual exploitation of students and to respond appropriately to complaints and warning signs;

d.  Plaintiffs' reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 1988, Title IX, and other applicable law;

e.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

f.  All taxable costs and disbursements of this action; and

g.  Such other and further relief as the Court deems just and equitable.

[¶ 80]  Plaintiffs expressly reserve the right, pursuant to N.D.C.C. § 32-03.2-11, to seek leave of Court to amend this Complaint to request punitive damages on their North Dakota state-law claims upon making the evidentiary showing required by that statute.

## JURY DEMAND

[¶ 81]  Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this 13th day of April, 2026.

REICHERT LAW OFFICE

AMANDA M. COREY
(ND ID #08415)
118 Belmont Road
Grand Forks, ND 58201
Telephone: (701) 787-8802
Fax: (701) 787-8460
E-mail: amanda@reichertlaw.com
Service: supportstaff@reichertlaw.com
ATTORNEY FOR PLAINTIFFS